In the Supreme Court of Georgia

Decided:   March 5, 2018

S17A1694.  DOE v. THE STATE.

HINES, Chief Justice.

This is a "John Doe" appeal from the denial of a motion to seal the records

of a criminal case pursuant to OCGA § 35-3-37 (m)[1], which appeal was

[1]OCGA § 35-3-37 (m) provides:

(1) For criminal history record information maintained by the clerk of court, an individual who has a record restricted pursuant to this Code section may petition the court with original jurisdiction over the charges in the county where the clerk of court is located for an order to seal all criminal history record information maintained by the clerk of court for such individual's charge. Notice of such petition shall be sent to the clerk of court and the prosecuting attorney. A notice sent by registered or certified mail or statutory overnight delivery shall be sufficient notice.

(2) The court shall order all criminal history record information in the custody of the clerk of court, including within any index, to be restricted and unavailable to the public if the court finds by a preponderance of the evidence that:

(A) The criminal history record information has been restricted pursuant to this Code section; and

(B) The harm otherwise resulting to the privacy of the individual clearly outweighs the public interest in the criminal history record information being publicly available.

(3) Within 60 days of the court's order, the clerk of court shall cause every document, physical or electronic, in its custody, possession, or control to be restricted.

(4) The person who is the subject of such sealed criminal history record information may

originally filed in the Court of Appeals. The Court of Appeals transferred the appeal to this Court on the sole basis of this Court's exclusive appellate jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). For the reasons which follow, we conclude that this appeal does not invoke this Court's constitutional-question jurisdiction, and accordingly, we return it to the Court of Appeals.

*Background*

The circumstances giving rise to the appeal are not in dispute. In July 2006, Doe pled guilty to possession of marijuana as a first-time drug offender and was sentenced to five years on probation without entry of a judgment of guilt pursuant to OCGA § 16-13-2 (a),[2] a conditional discharge provision. Doe

petition the court for inspection of the criminal history record information included in the court order. Such information shall always be available for inspection, copying, and use by criminal justice agencies and the Judicial Qualifications Commission.

[2]OCGA § 16-13-2 (a) provides:

Whenever any person who has not previously been convicted of any offense under Article 2 or Article 3 of this chapter or of any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a narcotic drug, marijuana, or stimulant, depressant, or hallucinogenic drug, the court may without entering a judgment of guilt

2

was discharged under such provision and his sentence terminated in January 2008. In December 2013, Doe filed a motion to seal the record of his criminal case, in accordance with OCGA § 35-3-37 (m). In February 2014, a superior court judge entered an order declining to consider the motion, apparently on the ground that the judge was not the one who sentenced Doe or who subsequently granted his conditional discharge. Doe then filed a timely motion for reconsideration in March 2014. In May 2014, the superior court judge who sentenced Doe entered an order implicitly granting the motion to reconsider, but denying the motion to seal on its merits. In March 2015, Doe filed what he captioned a "renewed motion for reconsideration" ("renewed motion") of the denial of his motion to seal. Following a hearing, the superior court denied the renewed motion in February 2016. Doe appealed to the Court of Appeals,

---

and with the consent of such person defer further proceedings and place him on probation upon such reasonable terms and conditions as the court may require, preferably terms which require the person to undergo a comprehensive rehabilitation program, including, if necessary, medical treatment, not to exceed three years, designed to acquaint him with the ill effects of drug abuse and to provide him with knowledge of the gains and benefits which can be achieved by being a good member of society. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed accordingly. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this Code section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of this Code section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. Discharge and dismissal under this Code section may occur only once with respect to any person.

3

citing OCGA § 5-6-34 (a) (12).[3]  The appeal was dismissed as untimely, but

following a motion for reconsideration by Doe, the Court of Appeals reinstated

the appeal.

In response in the Court of Appeals to the merits of the appeal, the State

raised for the first time that OCGA § 5-6-34 (a) (12) and OCGA § 35-3-37 (m)

as applied in this case violate the separation of powers clause of the Georgia

Constitution as found in Art. I, Sec. II, Par. III.[4]  It maintained that,

> [i]n OCGA § 5-6-34 (a) (12), the legislature confers appellate
> jurisdiction in the Court of Appeals for all decisions under OCGA
> § 35-3-37. However, OCGA § 5-6-34 (a) (12), *as applied to rulings
> under OCGA § 35-3-37(m), and OCGA § 35-3-37(m), itself*, violate
> the separation of powers clause of the Georgia Constitution.
> (Emphasis supplied.)

---

[3]OCGA § 5-6-34 (a) (12) provides:

Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which appeals are authorized by the Constitution and laws of this state: . . . All judgments or orders entered pursuant to Code Section 35-3-37.

[4]Ga. Const. of 1983 Art. I, Sec. II, Par. III provides:

The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided.

4

It argued then and does now that there is conflict with Uniform Superior Court Rule 21 ("USCR 21"),[5] which provides a procedure for limiting access to court records that are otherwise public records,[6] and that inasmuch as OCGA § 35-3-37 (m) establishes a different procedure from that found in USCR 21, OCGA § 35-3-37 (m) represents "an impermissible intrusion" on the part of the General Assembly into the administrative record-keeping authority of this Court as mandated by Art. VI, Sec. IX, Par. I of the Georgia Constitution of 1983.[7] The State concludes that because "the general rule is that an unconstitutional statute is wholly void and of no force and effect from the date it was enacted, . . . OCGA § 35-3-37 (m) is void and OCGA § 5-6-34 (a) (12) does not apply."

---

[5]USCR 21 provides:

All court records are public and are to be available for public inspection unless public access is limited by law or by the procedure set forth below.

[6]The State also cites in particular Uniform Superior Court Rule 21.4 ("USCR 21.4"), which provides that "[a]n order limiting access [to court files] may be reviewed by interlocutory application to the Supreme Court [of Georgia.]."

[7]Art. VI, Sec. IX, Par. I of the Georgia Constitution of 1983 provides:

The judicial system shall be administered as provided in this Paragraph. Not more than 24 months after the effective date hereof, and from time to time thereafter by amendment, the Supreme Court shall, with the advice and consent of the council of the affected class or classes of trial courts, by order adopt and publish uniform court rules and record-keeping rules which shall provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions. Each council shall be comprised of all of the judges of the courts of that class.

*Jurisdiction of the Appeal*

Certainly, this Court has exclusive appellate jurisdiction in all cases in which the constitutionality of a law has been drawn into question. Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1). However, "[a]s a general matter, this Court will not rule on a constitutional challenge to a statute unless the issue has been raised and ruled on in the trial court." *In the Interest of A.C.*, 285 Ga. 829, 832 (1) (686 SE2d 635) (2009). There is a "limited exception" to this requirement of a ruling by the trial court "in the instance of a challenge to the constitutionality of a statute governing appellate procedure that is necessarily made for the first time on appeal." Id. This is so "because the statute of appellate procedure comes into play only when an adverse ruling below is obtained and the dissatisfied party determines to pursue an appeal." Id. at 832-833 (1).

As noted, the gravamen of the State's challenge is that OCGA § 35-3-37 (m), which is the basis for Doe's action in the trial court, runs afoul of, inter alia, USCR 21 and thereby provides for unauthorized and unconstitutional procedures and standards for a trial court to seal or unseal an individual's criminal record. And, it makes this argument for the first time on appeal. But,

such a challenge to a statute applicable to proceedings in the trial court could have been raised in the trial court, and therefore, does not fall within the exception for issues of appellate procedure arising only on appeal. In response, the State argues that it could not have brought a constitutional challenge to OCGA § 5-6-34 (a) (12) in the lower court because it then had no standing to do so, and therefore, has not waived it. But, the State has not made a separate and discrete constitutional challenge, either facial or as applied, to OCGA § 5-6-34 (a) (12); its constitutional attack on the jurisdictional statute is inextricably bound with and entirely dependent upon a threshold determination by this Court that OCGA § 35-3-37 (m) is unconstitutional. And, the State has forfeited its present constitutional challenge to OCGA § 35-3-37 (m) by failing to raise it and secure a ruling below; it cannot circumvent such requirements by its invocation of OCGA § 5-6-34 (a) (12).

Simply, this appeal of the denial of a motion to seal criminal history record information fails to present a viable challenge to the constitutionality of a statute. Consequently, it is properly before the Court of Appeals.

Appeal returned to the Court of Appeals. All the Justices concur.